**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles EVANS, Defendant–Appellant.**

No. 02–16095.

United States Court of Appeals,
Eleventh Circuit.

Feb. 5, 2004.

Floyd M. Buford, Jr., Buford & Buford, Macon, GA, for Defendant–Appellant.

Charles L. Calhoun, Macon, GA, for Plaintiff–Appellee.

Before EDMONDSON, Chief Judge, and BIRCH and FARRIS*, Circuit Judges.

FARRIS, Circuit Judge:

Evans contends that his conviction is not a controlled substance offense because it involved the delivery of chalk rather than cocaine. Prior circuit authority has considered and answered the precise questions raised by his appeal.

■ There is no dispute that Evans pleaded guilty to an offense covered by the controlled substance statute, 21 U.S.C. §§ 841(a)(1) and 846.

■ Under U.S.S.G. § 4B1.1(a)(2), we look only to the elements of the crime of conviction and not the conduct underlying the crime. *United States v. Lipsey*, 40 F.3d 1200, 1201 (11th Cir.1994); *See also United States v. Frazier*, 89 F.3d 1501 (11th Cir.1996). A conviction for attempt required proof only that Evans possessed the *mens rea* required for the underlying crime and took a substantial step toward the commission of that crime. *United States v. Carothers*, 121 F.3d 659, 661 (11th Cir.1997).

A defendant is a "career offender" if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

* Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by

These requirements were met here.

AFFIRMED.